## Case No. 4,102.

### The D. S. GREGORY.

[6 Blatchf. 528.][1]

Circuit Court, S. D. New York. Aug. 7, 1869.[2]

COLLISION—FERRY-BOAT AND STEAMER AT ANCHOR—FOG.

1. Where a steamship came in from sea and anchored, in a thick fog, in the Hudson river, between the city of New York and Jersey City, about in the usual track of the ferry-boats run-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirming Case No. 4,099.]

ning on a ferry between the two cities, and one of the ferry-boats, in one of her trips, passed under the stern of the steamship and saw her just as she was dropping her anchor, and afterward, during the same fog, the same ferry-boat collided with the steamship, so at anchor: Held, that the ferry-boat was in fault.

[Cited in The Lady Franklin, Case No. 7,-984; The Rockaway, 19 Fed. 451. Followed in The Rockaway, 25 Fed. 775.]

2. The steamship was not in fault, in anchoring where she did.

This was a libel, in rem, filed in the district court, against the steam ferry-boat D. S. Gregory, by the owners of the steamship Talisman, to recover for the damages sustained by the latter, in a collision which occurred between the two vessels, in the port of New York, on the morning of the 15th of January, 1863, about half-past nine o'clock. The district court decreed for the libellants [Case No. 4,099], and the claimants appealed to this court.

Daniel D. Lord, for libellants.
Edgar S. Van Winkle, for claimants.

NELSON, Circuit Justice. The D. S. Gregory was one of the ferry-boats running from the foot of Montgomery street, in Jersey City, across the Hudson river, to the foot of Courtlandt street, in New York. The Talisman came into the port on the afternoon of the 14th of January, and anchored in the river, about in the usual track of the ferry-boats running between the two points above mentioned. When she arrived, there was a thick fog, and the river was full of vessels at anchor and moving, so that some difficulty was experienced in finding an open space sufficiently large to anchor her without her being in dangerous proximity to other vessels. The D. S. Gregory, in one of her trips, passed under the stern of the Talisman, and saw her just as she was dropping her anchor, on her arrival in the river. The fog continued through the night and the next morning, so that it was difficult to see a vessel at a distance of a ship's length ahead. The D. S. Gregory, on one of her trips from the New Jersey side to the New York side, struck the Talisman about amidships, on her port side, head on, doing considerable damage. The court below found the ferry-boat in fault, upon the facts; and, after the best examination I have been able to give to the case, I am inclined to concur in that view.

The main and strongest argument against this conclusion is, that the Talisman was in fault, in anchoring in the usual track of these ferry-boats. She was in charge of a New York pilot at the time, who, of course, well knew their usual track; and, if I could agree that there was fault in anchoring a vessel there, I should have but little difficulty in coming to a different conclusion. But I am not willing to establish, as a rule of navigation in that part of the river, that vessels arriving must take care to anchor outside the line of any and all of the ferries

crossing it at that place. There are some seven of them, within a comparatively short distance from each other; and it is apparent, that, to lay down any such rule, would seriously interfere with navigation and commerce upon that river. The tracks of these ferries, regarding winds and tides, are of no inconsiderable width, and would, in the aggregate, occupy a very large portion of the river, which would be forbidden to the accommodation of vessels engaged in foreign or domestic commerce. I must hold, therefore, that the Talisman was not in fault in taking the position she did in the river, especially under the circumstances in which she found herself on her arrival. It was the duty of the D. S. Gregory to take every reasonable precaution in her power to avoid the Talisman. In this, I think, she failed. She knew that the Talisman was anchored in her track the afternoon or evening before; and, as the Talisman did not change her position down to the time of the collision, and the ferry-boat was passing her every trip she was making, the ferry-boat is chargeable with notice of her position, and should have been so navigated as to avoid her. Decree below affirmed.